CHRIS CHRISTIE
*Governor*

KIM GUADAGNO
*Lt. Governor*

## State of New Jersey
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO Box 112
TRENTON, NJ 08625-0112

JEFFREY S. CHIESA
*Attorney General*

CHRISTOPHER S. PORRINO
*Director*

January 8, 2013

**Via Electronic Mail**
Hon. Katharine S. Hayden, U.S.D.J.
Clerk of the Court
Martin Luther King Building U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

       Re:  Allen Bass v. New Jersey State Police, et al.
       Dkt. No.: 10-1195

Dear Judge Hayden,

    The Court has asked for briefs on a question raised by Plaintiff as to whether Plaintiff's post-arrest admissions should be entered into evidence for the purpose of proving that the Defendants had probable cause to arrest Plaintiff and to charge him with various crimes.

    Defendants disagree that the question is as narrow as framed by Plaintiff. Defendants believe that the Court should not consider this issue in so limited a context and argue that Plaintiff's post-arrest statements are admissions pursuant to Fed. R. Evid. 801(d)(2), admissible as such as to all issues in this case, and should be considered by the jury in that regard.

    In support thereof, the Defendants submit the following.

    After plaintiff was arrested and brought to the State Police sub-station to be processed, he was transported from the sub-station by EMS personnel dispatched from the University of Medicine & Dentistry (UMDNJ) to Newark Beth Israel Hospital (NBI). After arriving at NBI, plaintiff was seen by a

consulting physician, Dr. Jeffrey Rappaport. During the consultation plaintiff told the doctor, who recorded it in his "Consultation Report", that he "fell from bike after police was chasing for possession of drugs" and that he "claims to be high on drugs, was chased by officer and fell off bike".

Because of the nature of his injuries, plaintiff was then taken to UMDNJ. There he was seen in the Emergency Room by a physician to whom he related the following, "riding bike in search of drugs & after buying drugs was chased by police, then got off bike & was lying on ground and was kicked and punched by police". This was recorded in the Emergency Physician Record by Dr. Amanda Eis.

Finally, while being transported between the two hospitals, Plaintiff further stated to George Daniels, the Registered Nurse who was a member of the crew, "Remembers entire event – fall from cycle during police action." Plaintiff argues now that these statements should not be used for the purpose of proving that Defendants' had probable cause to arrest Plaintiff. This is based on Plaintiff's assertion that probable cause to arrest is determined by the facts and circumstances known by the officers at the time of arrest.

> "Probable cause exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been committed by the person to be arrested." Orsatti v. N.J. State Police, 71 F.3d 480, 483 (3d Cir. 1995); U.S. v. Cruz, 910 F.2d 1072, 1076 (3d Cir. 1990).

Conversely, Plaintiff, in order to succeed on his claims of false arrest/false imprisonment and malicious prosecution must satisfy each of the required elements, one of which is a lack of probable cause for the arrest and prosecution. Johnson v. Knorr, 477 F.3d 75, 81-82 (3d Cir. 2007); Freeman v. State, 347 N.J. Super. 11 (App. Div. 2002), cert. denied, 172 N.J. 178 (2002).

However, use and application of the admissions goes well beyond just this one issue. Under oath, Plaintiff has stated the foregoing: that he did not flee form the troopers, that he had no drugs in his possession, that he had not taken drugs in years, that he told the doctors and nurses in the hospitals that

2

he was not on drugs, that he did not ignore the troopers' commands to stop, that he lay on the sidewalk spread eagled when told to stop, that he did not resist arrest, and that he lost consciousness at least twice.[1]

Essentially, Plaintiff denies each and all of the allegations made by the Defendants, including those which go beyond the probable cause consideration. At their heart and in their greatest sense, these sworn statements go to Plaintiff's credibility, believability and honesty. They are crucial matters a jury must hear to decide all the issues of this case, not just those supported by the presence or absence of probable cause. They should not be parsed out as applicable to some claims or defenses and not others, because, fundamentally all of Plaintiff's claims rest on the truth of his allegations and a jury is entitled to consider all of the evidence, not just some.

Illustrative of this proposition, Defendants urge the Court to consider the following matters. The U.S. Supreme Court in Miranda v. Arizona, 389 U.S. 436, 478 (1966) has stated "[t]here is no requirement that police stop a person who enters a police station and states that he wishes to confess a crime, or a person who calls the police to offer a confession or any other statement he desires to make. Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today," and concludes that statements made by an accused after arrest, may be admissible, if the requirements of the Miranda doctrine are satisfied. Id.

Further, in a case in which the Court was faced with similar question regarding admissibility of an accused person's statement under Fed. R. Evid. 801 (d)(2), it was held that any and all statements of an accused person, so far as they are not excluded by the doctrine of confessions or by the privilege against self-incrimination, are usable against the accused as admissions and are not hearsay. U.S. v. Evans, 572 F.2d 455 (5th Cir. 1978).

Additionally, in a matter where a defendant gave statements to an insurance adjuster which were contrary to his position at trial, as is precisely the case here, the Court of Appeals for the Eighth Circuit held that the defendant insured's prior recorded statements to an independent insurance adjuster, which were contrary to his position at trial, were improperly excluded

---

[1] Testimony in Plaintiff's deposition, various extracts.

from evidence, since they were admissions of a party-opponent under Fed. R. Evid. 801(d)(2)(A). Auto-Owners Ins. Co. v. Jensen, 667 F.2d 714 (8th Cir.) 1981).

Next, in U.S. v. Lam Lek Chong, 544 F.2d 58 (2d Cir. 1976), the court held that the defendant's post-arrest statement to arresting officers, which implicated himself and a co-defendant in a conspiracy to import heroin, was admissible as an admission of a party-opponent under Fed. R. Evid. 801(d)(2)(A).

Finally, in deciding a question about the admissibility of a plaintiff's statement, while a detainee, in her section 1983 Fourth Amendment Civil Rights action, this Circuit held the statement of detainee to acquaintance, that she had consented to strip search after her vehicle was stopped on suspicion of containing drugs, was admissible over hearsay objection in detainee's civil rights action claiming deprivation of her Fourth Amendment rights, as admission of party opponent. Reppert v. Marino, 259 Fed. Appx. 481 (3d Cir. 2007).

Importantly, Plaintiff's statements must be viewed as admissions and thus evaluated pursuant to Fed. R. Evid. 801(d)(2). Paragraph (a) of this Rule defines a "statement" as an oral or written assertion and paragraph (b) defines a "declarant" as the person who makes the statement. Paragraph (d) specifically excludes "Admissions by a party-opponent" from being considered as hearsay if the statement is offered against a party and is the party's own statement. Fed. R. Evid. 801(d)(2). Admissions by a party opponent are excluded from the category of hearsay on the theory that their admissibility as evidence is based on the adversary system rather than satisfaction of the rule pertaining to hearsay. Mayor of the City of Philadelphia v. Educational Equality League, 415 U.S. 605, 646, 39 L.Ed2d 630, 94 S.Ct. 1323 (1974). See also, Savarese v. Agriss 883 F.2d 1194, 1201 (3d Cir. 1989); and U.S. v. Ammar, 714 F.2d 238, 255 (3d Cir. 1983).

Furthermore, tests of personal knowledge, reliability, trustworthiness or being against the party's interests are not required and their admissibility should be generously treated. Mayor of the City of Philadelphia, 415 U.S. at 646; Savarese, 883 F.2d at 1200, 1201; Ammar, 714 F.2d at 254, n. 14 and 255; see also Fed. R. Evid. 801(d)(2), 1972 Proposed Rules, Note to subdivision (d). This is so, not because admissions are deemed to be inherently reliable, but because a party will not be heard to object that they are unworthy of credence, Ammar, supra, at 255, and/or they could hardly be heard to complain that they

4

cannot cross-examine themselves as to their own utterances. Savarese, supra, at 1201. Moreover, where a statement meets the definitions provided by Fed. R. Evid. 801(d)(2) and is thus an admission and not hearsay, application of other evidence rules, such as Fed. R. Evid. 803 or 804, is neither warranted nor appropriate. Lane v Potter, 2010 U.S. Dist. LEXIS 25544, *14, 15 (E.D. Pa. March 17, 2010).

                              Respectfully submitted,

                              JEFFREY S. CHIESA
                              ATTORNEY GENERAL OF NEW JERSEY

By:   *s/Vincent J. Rizzo, Jr.*
                              Vincent J. Rizzo, Jr.
                              Deputy Attorney General

cc: Raymond L Hamlin, esq. - via e-mail