UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALLEN BASS, | ) CIVIL ACTION NUMBER: 10-1195 (KSH-PS) |
| | ) |
| | ) Hon. Katharine S. Hayden, U.S.D.J. |
| vs. | ) |
| | ) |
| NEW JERSEY STATE POLICE, | ) |
| TROOPER G. DELLAGIACOMA | ) **CIVIL ACTION** |
| TROOPER C. MILLS, TROOPER | ) |
| M. HOLGUIN, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF AN AWARD OF ATTORNEYS' FEES AND EXPENSES PURSUANT TO 42 U.S.C. § 1988**

**HUNT, HAMLIN & RIDLEY**
Military Park Building
60 Park Place – 16th Floor
Newark, New Jersey   07102
(973) 242-4471
Attorneys for Plaintiff
Allen Bass

**RAYMOND L. HAMLIN, ESQUIRE**
Of Counsel

**RAYMOND L. HAMLIN, ESQUIRE**
On the Memorandum of Law

## POINT ONE

## PLAINTIFF IS ENTITLED TO AN AWARD OF
## REASONABLE ATTORNEYS' FEES

As the prevailing party in an action brought pursuant to 42 U.S.C. § 1983, Plaintiff is entitled to an award of reasonable attorneys' fees incurred in this action pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988 (2000) ("section 1988").

It cannot be disputed that Plaintiff's claims in the present case arose under section 1983 and that the provisions of section 1988 are applicable.  Section 1988(b) provides that, [i]n any action or proceeding to enforce a provision of section[ ] . . . 1983 . . . of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

Congress and the courts have established a very liberal standard for awarding attorneys' fees to prevailing plaintiffs under section 1988.  Indeed, the legislative history and case law make clear that prevailing plaintiffs are entitled to such an award "'unless special circumstances would render such an award unjust.'" *Kentucky v. Graham*, 473 U.S. 159, 164 (1985) (quoting S. Rep. No. 94-1011, p. 4 (1976)). See also *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983).

There can be no question here that Plaintiff is the prevailing party within the meaning of section 1988.  The test of whether one is a prevailing party is whether he or she has received substantially the relief requested or has been successful on the central issue.  See *Farrar v. Hobby*, 506 U.S. 103 (1992) ( "a plaintiff prevails when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendants' behavior in a way that directly benefits the plaintiff.").  Here, Plaintiff received a judgment against Defendant Dellagicomo who was the only Defendant who admitted to physically interacting with

the Plaintiff.  Accordingly, an award of attorneys' fees pursuant to section 1988 should be made as a matter of course especially in view of not only an award of compensatory damages for the pain and suffering that Mr. Bass sustained but also punitive damages against Defendant Dellagicoma.

Courts are not free to deny fees to prevailing plaintiffs unless special circumstances would make the award unjust.  If a court determines that the fee awarded should be less than the fee requested, the reasons must be articulated and supported by the record. *Poston v. Fox*, 577 F. Sopp.915,918 (D.N.J. 1984).

The intent of Congress in passing the Awards Act is, perhaps, best captured by one of the sponsors of the Act, who stated:

> … without the availability of the counsel fees, these rights exist only on paper.  Private citizens must be given not only the right to go to court, but also the legal resources.  If the citizen does not have the resources, his day in court is denied him: the Congressional policy which he seeks to assert and vindicate goes unvindicated and the entire Nation, not just the individual citizen, suffers.  No one expects a policeman or an officeholder to pay for the privilege of enforcing the law.  It should be no different for a private citizen . . "122 Cong. Rec. 33313.

Vigorous and aggressive representation and protection of personal liberties are important concerns to civil rights litigants and professions.  These goals cannot be actualized unless members of the Bar, sometimes at great personal sacrifice, undertake these tasks in defense of people's rights.

In order to prevail in the instant case, Plaintiff's counsel had to convince a jury that an individual with a criminal history and admitted drug use was worthy of belief in comparison to members of law enforcement who are sworn to uphold the law.

Since there is no question that the Awards Act mandates the award of counsel fees in this case, the only question which remains, is the reasonableness of the fee requested.

The Supreme Court has stated that "'[t]he most useful starting point for [determination of] the amount of a reasonable fee [payable to a prevailing party] is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002) (quoting *Hensley*, 461 U.S. at 433). The product of the two numbers is commonly referred to as the lodestar figure.

Since the establishment of the lodestar approach as the "only reasonably objective basis for valuing an attorney's services," *Lindy Bros. Bldrs., Inc. v. American Radiator & Standard Sanitary Corp. (Lindy I)*, 487 F.2d 161, 167 (3d Cir.1973), it has become the standard method for calculating fee awards. See *Blanchard v. Bergeron*, 489 U.S. 87, 92-93, 109 S.Ct. 939, 943-44, 103 L.Ed.2d 67 (1989) (applying lodestar approach to calculate fees awarded to counsel who had a contingent fee arrangement with client); *Blum v. Stenson* 465 U.S. at 886 91984) (applying lodestar approach to calculate fees awarded to a non-profit legal organization with salaried attorneys and refusing to limit recovery to the litigation costs).

In calculating the lodestar, the Supreme Court held in *Blum* that the "market rate in the relevant community" is the reasonable hourly rate to use, even if that method overcompensates counsel (in that case a non-profit legal organization). *Blum*, 465 U.S. at 895, 104 S.Ct. at 1547.

The Supreme Court has also made clear that [w]hen . . . the applicant for a fee has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product contemplated by §1988 is presumed to be the reasonable fee. 465 U.S. at 897. See also *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563-66 (1986).

In support of Plaintiff's motion, he has submitted the certifications of Raymond L. Hamlin and Kenyatta K. Stewart. The certifications and accompanying bill detail their professional background, the extent of this litigation, the tasks performed by each attorney and the sum of fees requested for work performed by each attorney and other attorneys withing the firm during each phase, as well as the total of recoverable expenses incurred by the firm.

Plaintiff respectfully submits that the certifications of Mr. Hamlin and Mr. Stewart more than satisfy the requirements articulated by the Supreme Court and the Third Circuit and demonstrate that the hours expended by counsel for Plaintiff are reasonable.

The Certifications also demonstrate that care was taken to allocate responsibility for the various tasks required in handling this matter. The rates also reflect counsel's experience level and the quality of their work. Counsel submits that the information is consistent with the prevailing market rates for similar competent counsel in this area. Having demonstrated the reasonableness of the time spent and the reasonableness of the rates charged, the lodestar amount — the product of the two — is established and as such, there is a "strong presumption" that this lodestar figure represents a reasonable fee. **(Exhibit B, Certification of Eldrige Hawkins, Esq.)**

In addition to the above, the district court may adjust the fee award upward or downward from the lodestar amount based on other considerations. *Hensley*, 461 U.S. at 434.

As summarized in *Hensley*, the twelve factors are: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience,

reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." 461 U.S. at 430.

The *Hensley* Court also observed that "many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." Id. at 434. There are several recognized bases for enhancing or adjusting upward (by a fixed percentage) the base fee figure represented by the product of reasonable hours times reasonable rates. These several considerations are; (1) the exceptional quality of the litigation; (2) the risk assumed in undertaking the suit; and (3) the delay in payment of accrued attorney's fees. See *Blum v. Stenson*, 464 U.S. 886 (1984).

With regard to the first factor, plaintiff's Lead Counsel is a highly experienced litigator, as demonstrated in the attached certification of Mr. Hamlin. The representation provided on behalf of plaintiff was clearly top rate. As to the second factor, the risk involved in undertaking this suit was enormous. Plaintiff's attorneys had to expend a significant amount of time and money over the course of approximately four (4) years to prepare this very difficult case. With regard to the third factor considered by the *Stenson* court, this case was taken on a contingency basis. Had plaintiff not prevailed, Plaintiff's attorneys would not have been compensated for any of the services they provided over the period from when they were first contacted and when the trial ultimately ended. Furthermore, plaintiff's counsel would not have been reimbursed for the numerous costs and expenses advanced during the course of this litigation.

The significance of this risk was compounded by virtue of the "no pay" position taken by the Defendants through their counsel. In fact, Defense Counsel Rizzo stated during settlement discussion that he would not offer $10.00 to settle the case, in response to a comment by Counsel

for Plaintiff that a $10,000.00 settlement offer was made by the Defendants.  The resulting scenario presented Plaintiff with no other choice then to continue litigation on this matter until jury verdict.  Given the extent of risk placed upon the Plaintiff and his attorneys, the court should grant an enhancement of the fee.

Several circuits have addressed the availability of upward adjustments and have consistently held that they are available, See e.g. *Clayton v. Thurman*, 775 F.2d 677 (6th Cir, 1986) (affirmance of a 25% upward contingency risks); *Wildman v. Lerner Stores Corp.*, 771 F.2d 605 (1st Cir. 1985) (upholding the appropriateness of upward adjustment for contingency risks, but remanding for a determination of the amount); *Vaughns v. Board of Education Prince George's County*, 770 F. 2d 1244 (4th Cir. 1985) (affirmance of a 7 ½ % upward adjustments for contingency risks); *Delaware Valley citizens' Council v. Pennsylvania,* 762 F 2d 272 (3d Cir. 1985)  (affirmance of a multiplier of 2 for several phases of an enforcement proceeding and of a multiplier of 4 for another phase based on contingency risks, results obtained, and superior representation) cert granted, 54 U.S.L.W. 3223 (U.S. Oct. 7, 1985); *Sierra Club v. Clark*, 755 F2d 608 (8th Cir. 1985) (affirmance of a 30% upward adjustment).  Trial courts have also allowed upward adjustments, See, e.g. *Palmer v. Schutltz,* 598 F. Supp. 382 (D.D.C., 1984) (upward adjustments of 20% for contingency risks and 55% for superior representation and results obtained); *Merkel v. Scovill, Inc.* 590 F. Supp. 529 (S.D. Ohio 1984) (25% upward for contingency and exceptional results); *Garrett v. Goodwin,* 588 D. Supp. 825 (E.D. Ark. 1984) (upward adjustment for lead counsel of 50% for the contingency risks and 75% for exceptional results)

The facts of this case required Plaintiff's counsel to pour through the documents provided through discovery.  The amount of discovery was mountainous and included documents from the

New Jersey State Police, the personnel files of the Defendants, internal affairs investigation documents surrounding this and other incidents, voluminous hospital records, tape recorded statements of officers who were present and/or had contact with the Plaintiff. The tape recorded conversations were on cassette tapes that Plaintiff's counsel had to review. There were also records of the Plaintiff's criminal history including plea transcripts, probations reports, criminal history printouts, records from the Essex County Jail, deposition transcripts, motions, requests for admissions, numerous sets of interrogatories and document requests and various legal issues.

Counsel for the Plaintiff could not separate the documentation necessary for a successful verdict on any one of the particular causes of action or the individual Defendants because all of the information therein was interrelated. As such, the Plaintiff's award of attorneys fees must be granted.

In addition to attorney's fees courts have tended to be generous in broadly constructing § 1988 to authorize reimbursement to the prevailing party, as part of their reasonable attorney's fees, for out-of-pocket expenses that are incidental and necessary to the provision of adequate representation and not normally part of the attorney's overhead. *Laffey v. Northwest Airlines, Inc.,* 746 F. 2d 4, 30 (D.C. Cir. 1984)

Costs have been recovered for such items as meals, lodging, messenger fees, long distance telephone calls, photocopying, depositions and copies, trial transcripts, and other out-of-pocket expenses that are of the type that an attorney would normally bill a fee paying client. See, e.g. *Swift v. Blum*, 502 F. Supp., 1140, 1148 (S.D.N.U. 1980); *Population Services International v. Carey*, 476 F. Supp. 4,8 (S.D.N.Y. 1979).

Recovery may also be hard for time reasonably spent in preparing the attorney's fee motion, memorandum and in litigating the propriety and quantum of fees. *Prandini v. National Tea Co.,* 585 F. 2d 47, 53 (3d Cir. 1978)

The guideline of what is includable must be that which is appropriate in the context of the attorney-client relationship, the substantive and procedural nature of the case, and the climate in which the litigation is conducted. Thus, the Court must undertake the same general analysis employed to determine the reasonable attorneys' fee lodestar and to that end, Plaintiff is entitled to an award of reasonable expenses as a matter of course, and any reductions should occur only where the expenses sought are deemed unreasonable. The expenses incurred by Hunt, Hamlin & Ridley are described hereto and attached to the within application. All of these expenses were of the type "normally charged to a fee-paying client" and all are recoverable under section 1988. Thus, Plaintiff's counsel should be fully compensated for said expenses.

Based on all the foregoing, it is respectfully requested that plaintiff's counsel be awarded $415,813.26. The requested fee reasonably reflects a lodestar fee of $323,827.50 plus costs and expenses in the amount of $11,028.88 and an upward enhancement of twenty-five (25%) percent.

## CONCLUSION

Plaintiff's motion for an award of reasonable attorneys' fees, including appropriate expenses, should be granted in its entirety.  Wherefore pursuant to 42 U.S.C. §1988, Plaintiff respectfully requests that Defendant Dellagicoma be liable for Plaintiff's attorney's fees and expenses associated with bringing and litigating the instant action.

Respectfully submitted,

HUNT, HAMLIN & RIDLEY

RAYMOND L. HAMLIN /S/
RAYMOND L. HAMLIN